UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWIT KINFU,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>XLI LOGISTICS INC., *et al.*,<br><br>　　　　　　　Defendants. | Cause No. C24-2021RSL<br><br>ORDER GRANTING<br>PLAINTIFF'S TO REMAND |

This matter comes before the Court on "Plaintiffs' Motion for Remand." Dkt. # 8. Plaintiff was involved in a motor vehicle collision on southbound I-5 in which his vehicle was struck by another vehicle moving into his lane, causing plaintiff's vehicle to rotate across lanes of traffic and eventually collide with another vehicle. Plaintiff asserts state law tort claims against the driver of the vehicle that struck him and the driver's employer.

A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court. *See* 28 U.S.C. § 1441(b). "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The general removal statute is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941);

ORDER OF REMAND - 1

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Because there is a presumption that a cause of action lies outside the limited jurisdiction of the federal courts, the removing party has the burden of proving by a preponderance of the evidence that removal is appropriate. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

> In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[A] damages assessment may require a chain of reasoning that includes assumptions ... [but] those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*[*v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)].

*Reese v. Daikin Comfort Techs. Distribution, Inc.*, 729 F. Supp. 3d 980, 984–85 (C.D. Cal. 2024).

Plaintiff argues that defendants have not satisfied their burden of showing that it is more likely than not that the amount in controversy is at least $75,000. The Court agrees. The types of damages alleged and relief claimed certainly have the potential of being more than $75,000. Plaintiff alleges that the motor vehicle collision caused pain, suffering, and an unidentified physical disability. He alleges that he is no longer able to carry out normal day-to-day activities and that he has lost and will continue to lose wages. He asserts that he has incurred and will continue to incur medical expenses. He has also requested an award of the "costs and disbursements" incurred in this litigation. Dkt. # 1-1 at 7. But defendants offer no evidence regarding the severity or amount of any of these injuries/losses. There is no indication that

ORDER OF REMAND - 2

plaintiff was taken to the hospital following the motor vehicle collision and no evidence regarding the amount of any medical bills or lost wages. Defendants offer no calculations demonstrating a good faith basis for their assertion that more than $75,000 is at issue.

The evidence in the record and plaintiff's alleged damages are entirely consistent with soft tissue injuries and a conservative treatment regimen. Such losses would be unlikely to reach the jurisdictional amount. Instead of offering evidence in support of removal, defendants ask the Court to speculate regarding the nature and extent of every element of the damages claimed. The Court declines to do so. Where doubt regarding the right to removal exists, the case must be remanded to state court.

The Court has the power to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). While the Court has discretion in determining whether to grant an award of fees on remand, that discretion must be exercised in light of "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied . . . . Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005) (citations omitted).

ORDER OF REMAND - 3

Although removal based on nothing more than a list of injuries and damages normally associated with a motor vehicle accident is not reasonable, plaintiff specifically alleged "significant," albeit unspecified, monetary losses that arguably provided an objectively reasonable basis for removal. In the absence of any indication that defendants removed this action to prolong the litigation and/or to impose unnecessary costs on plaintiff, the Court declines to award fees.

For all of the foregoing reasons, plaintiffs' motion for remand (Dkt. # 8) is GRANTED. The Clerk of Court is directed to remand this matter to King County Superior Court. Plaintiff's request for an award of attorney's fees is DENIED.

DATED this 7th day of February, 2025.

Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 4